IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARLENE THOMPSON, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4491 |
| | : | |
| PHILADELPHIA PARKING AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**PRATTER, J.**                                                      **OCTOBER 24, 2018**

Plaintiff Marlene Thompson brings this civil action against the Philadelphia Parking Authority, her former employer, pursuant to the Americans with Disabilities Act (ADA). She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. Thompson leave to proceed *in forma pauperis* and dismiss her complaint without prejudice to her filing an amended complaint.

**I. FACTS**

Ms. Thompson filed this civil action using the Court's form complaint for a plaintiff filing a civil action for alleged employment discrimination. By checking the appropriate features on the form complaint, Ms. Thompson claims the PPA failed to reasonably accommodate her disability or disabilities in violation of the ADA. (Compl. at 6.)[1] She also suggests her former employer failed to "stop harassment." (*Id.*) As the factual basis for her claims, Ms. Thompson alleges that her former employer

> discriminated against [her] for years 2005-2017 medical condition/employer was aware of on employment (date of hire) application/med doctors request

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

>    ignored/numerous letters sent/ignored/other people accommodated with disabilities

(*Id.*)  For relief, Ms. Thompson seeks "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 8.)  Ms. Thompson attached to her Complaint a letter from an attorney explaining the limitations on her claims and the lawyer's firm's representation of her at the administrative level.

## II.  STANDARD OF REVIEW

The Court grants Ms. Thompson leave to proceed *in forma pauperis* because it appears she is incapable of paying the fees necessary to commence this action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory allegations do not suffice.  *Id.*

"[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).  To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

Because Ms. Thompson is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"The ADA specifies that an employer discriminates against a qualified individual with a disability when the employer does 'not mak[e] reasonable accommodations to the known physical or mental limitations of the individual unless the [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the [employer].'" *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quoting 42 U.S.C. § 12102(2)) (alterations in original). Here, Ms. Thompson has not provided any facts in support of her conclusory allegation that she was discriminated against because the PPA failed to accommodate her disabilities. In particular, she has not provided any information regarding: (1) the nature of her disabilities; (2) the nature of her job; or (3) how the PPA failed to accommodate her disabilities. Likewise, she has not provided any information about harassment she allegedly suffered in the workplace. Accordingly, Ms. Thompson has not provided enough information in her Complaint to state a plausible claim for relief. *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (per curiam) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

## IV. CONCLUSION

For the foregoing reasons, Ms. Thompson's complaint will be dismissed without prejudice to her filing an amended complaint containing sufficient information about the basis for her claims. An appropriate order follows.

**BY THE COURT:**

S/Gene E.K. Pratter
**GENE E.K. PRATTER, J.**